No. C-396-010432-1249395-A

LARRY JOE MORGAN § IN THE 396TH JUDICIAL
V. § DISTRICT COURT OF
STATE OF TEXAS § TARRANT COUNTY TEXAS
§
§ 83,621-02
§
RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 29 2015
§
§
§

## "EMERGENCY MOTION EMERGENCY"

OBJECTION TO DISTRICT ATTORNEY'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW.
INQIRY ON PRECEDING DOCUMENTS, AND MOTIONS MAILED TO CLERK SINCE ASSERTION OF HIS 11.07. WIT OF HABEAS CORPUS.

JUSTICE REQUIRE (28 USCA SEC 461)

TO THE MOST HONORABLE JUDGE OF SAID COURT:

LARRY JOE MORGAN, HEREINAFTER CALLED PLAINTIFF, MAKES KNOWN TO THE COURT THAT HE IS ILLEGALLY RESTRAINED IN HIS LIBERTY BY JAMES A. LYNAUGH UNIT, AND THE TEXAS DEPARTMENT OF CORRECTION AT FORT STOCKTON TEXAS SOLELY UNDER AND BY VIRTUE OF A JUDGMENT, AND SENTENCE CAUSE NUMBER 1249395D STYLED THE STATE OF TEXAS V. LARRY JOE MORGAN, SAID JUDGMENT.

COMES NOW, LARRY JOE MORGAN, PLAINTIFF PROSE IN THE ABOVE NUMBERED CAUSE, AND IN OPPOSITION OF THE DISTRICT ATTORNEY'S PROPOSED MEMORANDUM FINDINGS OF FACT, AND CONCLUSIONS OF LAW DATED SEPTEMBER 17, 2015. PLAINTIFF SPECIFICALLY OBJECT FOR THE FOLLOWING REASON:

## ARGUMENTS AND FACT

• PLAINTIFF MAILED A MOTION OBJECTING IN PARTS OF STATES RESPONSE TO PLAINTIFF APPLICATION FOR WRIT OF HABEAS CORPUS ON OR 4-13-2015 WITH NO REPLY.
• ON 4-23-2015 PLAINTIFF MAILED TWO MOTIONS ONE REQUESTING TO RESOLVE DESIGNATING ISSUES, AND A MOTION FOR BENCH WARRANT WITH NO REPLY.
• ON 5-24-2015 PLAINTIFF MAILED A TRAVERSE AFFIDAVIT IN OPPOSITION R. SCOTT WALKER AFFIDAVIT WITH NO ACKNOWLEDGMENT.
• ON 6-24-2015 PLAINTIFF MAILED A TRAVERSE MOTION IN OPPOSITION TO B. WALKER AFFIDAVIT WITH NO ACKNOWLEDGMENT BY THE STATE,

EMERGENCY MOTION FOR LARRY MORGAN                    Page 1

OR THE COURT.

* ON 6-1-2015 PLAINTIFF MAILED A TRAVERSE MOTION IN OPPOSITION TO R. SCOTT WALKER'S AFFIDAVIT WITH NO ACKNOWLEDGMENT BY THE STATE OR THE COURT.

* ON 6-10-2015 PLAINTIFF MAILED A TRAVERSE AFFIDAVIT IN OPPOSITION TO B. WALKER'S AFFIDAVIT WITH NO ACKNOWLEDGMENT FROM THE STATE OR THE COURT.

* ON 5-4-2015 PLAINTIFF MAILED A MOTION REQUESTING COPIES OF TRIAL COURT RECORDS, TRANSCRIPTS DOCUMENTS, STATEMENTS, PHOTOGRAPHS AFTER FINAL CONVICTION, WITH NO ACKNOWLEDGMENT FROM THE STATE, OR THE COURT.

* ON 6-22-2015 PLAINTIFF MAILED A MOTION TO BE RELEASE BY PERSONAL RECOGNIZANCE WITH NO ACKNOWLEDGMENT FROM THE STATE OR THE COURT.

* ON 9-11-2015 PLAINTIFF MAILED A MOTION TO PROPOSED FINDING OF FACTS AND CONCLUSIONS OF LAW WITH NO ACKNOWLEDGMENT FROM THE STATE OR THE COURT.

## CONTINUANCE ARGUMENTS AND FACT

a. COUNSEL FAILURE TO PRESENT THE DEFENSE OF SELF DEFENSE;

b. COUNSEL FAILURE TO SUBPOENA THE 911 CALLER;

c. COUNSEL FAILURE TO SUBPOENA THE ARRESTING OFFICER;

d. COUNSEL FAILURE TO PRESENT PICTURES DURING TRIAL THAT WOULD COUNTER STATE'S VICTIM TESTIMONY;

e. COUNSEL FAILURE TO ADMIT THE ORIGINAL POLICE REPORT, AND WITNESS STATEMENTS INTO EVIDENCE TO IMPEACH WITNESSES;

F. COUNSEL FAILURE TO MENTION DURING TRIAL THAT THE STATE'S VICTIM WAS CUT ACROSS THE BOTTOM OF HIS STOMACH;

g. COUNSEL FAILURE TO SUBPOENA GANG UNIT OFFICER SALAZAR TO SEE WHY HE BROKE PROTOCOL BY NOT DOING DNA TESTING ETC... ETC...,

h. COUNSEL FAILURE TO REQUEST WHY TANGIBLE EVIDENCE LIKE PLAINTIFF BOXER SHORT WAS DISCARDED;

i. COUNSEL AND HIS INVESTIGATOR URGED PLAINTIFF NOT TO TESTIFY WITHOUT ADVISING HIM THAT HE WOULD LOSE HIS SELF-DEFENSE DEFENSE IF HE DIDN'T TESTIFY;

j. COUNSEL ASSURED PLAINTIFF THAT IF HE DID NOT TESTIFY HE WOULD BE FOUND NOT GUILTY;

k. COUNSEL FAILURE TO INVESTIGATE THE OFFENSE PRIOR TO TRIAL;

L. COUNSEL FAILURE TO IDENTIFY THE 911 CALLER THROUGH HER PHONE NUMBER PRIOR TO TRIAL;

M. COUNSEL FAILURE TO INTERVIEW THE 911 CALLER;

N. COUNSEL FAILURE TO OBTAIN PLAINTIFF LIST OF CONTACTS AND SIM CARD FROM PLAINTIFF'S PRIOR COUNSEL HON. JAMES SHAW; AND

O. COUNSEL FAILURE TO CALL CHARACTER WITNESSES ON PLAINTIFF'S BEHALF.

### FINDINGS OF FACT BY STATE, INCLUDING SPECIAL TRAVERSE BY PLAINTIFF

1. SEE PAGE ONE FOR JUDGMENT OF HEREIN MOTION.

2. THE SEVENTH COURT OF APPEALS AFFIRMED PLAINTIFF'S CONVICTION ON JUNE 4 2014. FURTHERMORE, THE COURT DID NOT GIVE COMPLETE FILES THEREFORE, PLAINTIFF COULD NOT DO AN EFFECTIVE ANDERS BRIEF. PLAINTIFF RECEIVED ONLY FILES TO ASSIST THE COUNTY. PLAINTIFF PRESENTED TO THE APPEALS COURT WORDS WAS MISSING AND ALTER WITH NO ACKNOWLEDGMENTS BY THE COURT OF APPEALS.

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSELORS

3. HON. R. SCOTT WALKER, AND HON. BRIAN K. WALKER REPRE-SENTED PLAINTIFF DURING THE TRIAL PROCEEDINGS. SEE JUDGMENT; R. WALKER AFFIDAVIT P. 1; B. WALKER AFFIDAVIT P. 1; ALSO SEE PLAINTIFF TRAVERSES MOTIONS, AND TRAVERSES AFFIDAVITS, DATES 5-24-2015, 6-24-2015, 6-1-2015, AND 6-10-2015 THAT PLAINTIFF MAILED TO THE CLERK. FURTHERMORE, PLAINTIFF HAS COPIES TO PRESENT IF NECESSARY.

4. GENERALLY NEITHER COUNSEL OBJECTS TO THE STATE LEADING ITS WITNESSES ABOUT QUESTIONS THAT DO NOT HURT THEIR CLIENTS' CASES BECAUSE THEY DO NOT WANT TO ANNOY THE JURY WITH UNNECESSARY OBJECTIONS. SEE B. WALKER AFFIDAVIT P. 2; R. WALKER AFFIDAVIT P. 7; FURTHERMORE, IF THE DEFENSE OF SELF-DEFENSE, THE LEADING QUESTIONS WOULD HAVE HURT THE STATE'S CASE. ALSO OBJECTING WOULD HAVE PRESERVE ALL STATE'S CONFLICTING TESTIMONIES. ALSO SEE PLAINTIFF'S TRAVERSES MOTIONS, AND AFFIDAVITS THAT SHOULD BE ON FILE THATS DATES HEREIN.

5. PLAINTIFF NEVER TOLD HON. B. WALKER THAT HE HAD NEVER MET ANY OF THE WITNESSES. SEE B. WALKER AFFIDAVIT, P. 7. IN RESPONSE PLAINTIFF ASSERT THAT HE COULD NOT TELL B. WALKER BECAUSE BY THE TIME THEY STARTED TO TAKE THE STAND B. WALKER HAD ALREADY ABANDON PLAINTIFF'S CASE; SEE PLAINTIFF'S TRAVERSE MOTION, AND TRAVERSE AFFIDAVIT, ON FILE.

6. HON. R. SCOTT WALKER WAS APPOINTED ON OR ABOUT 11-21-2012. SEE R. WALKER AFFIDAVIT, P. 1; SEE ALSO PLAINTIFF TRAVERSE MOTION, AND HIS TRAVERSE AFFIDAVIT ON FILE IN RESPONSE TO R. WALKER'S AFFIDAVIT.

7. HON. R. SCOTT DID NOT PRESENT A SELF-DEFENSE CLAIM BECAUSE HE CONCLUDED THAT SUCH A DEFENSE WAS CONTRARY TO THE PHYSICAL EVIDENCE. SEE R. WALKER AFFIDAVIT, P. 1. IN RESPONSE TO #7 ACCORDING TO THE TRIAL RECORDS AND PLAINTIFF'S NOTES THE ABOVE STATEMENT IS A COMPLETE FALSE-HOOD. FURTHERMORE, SEE PLAINTIFF TRAVERSE MOTION AND TRAVERSE AFFIDAVIT, ON FILE IN RESPONSE TO R. WALKER AFFIDAVIT.

8. HON. R. SCOTT WALKER CONCLUDED THAT PLAINTIFF'S VERSION OF THE EVENTS THAT HE USED THE SHEET ROCK KNIFE TO INFLICT THE INJURIES WAS INCONSISTENT WITH THE EVIDENCE THAT THE INJURIES WERE INFLICTED BY A MUCH LARGER KNIFE LIKE A MACHETE. SEE R. WALKER AFFIDAVIT P. 1-2; [9 RR 27-28]; IN RESPONSE PLAINTIFF ASSERT THAT'S FALSE-HOOD SEE PLAINTIFF'S TRAVERSE MOTION, AND TRAVERSE AFFIDAVIT ON FILE.

9. HON. R. SCOTT WALKER PRESENTED EVIDENCE TO THE JURY THAT PLAINTIFF SHEET ROCK KNIFE WAS NOT THE CAUSE OF THE VICTIM'S INJURY. SEE R. WALKER AFFIDAVIT P. 1-2; [8 RR 108-11] IN RESPONSE SEE PLAINTIFF TRAVERSE MOTION, AND HIS AFFIDAVIT ON FILE. FURTHERMORE WITHOUT DNA TESTING HOW COULD R. S. WALKER COME TO THAT CONCLUSION, AND SAY THATS TRIAL STRATEGY.

10. HON. R. SCOTT WALKER ADVISED PLAINTIFF NOT TO TESTIFY, AND DEVELOP A SELF-DEFENSE DEFENSE BECAUSE THE TESTIMONY WOULD NEGATE ALL THE TESTIMONY THAT PLAINTIFF KNIFE DID NOT CAUSE THE STATES VICTIM INJURIES. SEE R. WALKER AFFIDAVIT P. 2; FURTHERMORE SEE PLAINTIFF'S

TRAVERSE MOTION, AND AFFIDAVIT ON FILE IN RESPONSE TO R. SCOTT WALKER AFFIDAVIT. ALSO THE DEFENSE OF SELF-DEFENSE WAS ONLY DEFENSE THAT COULD BE USED SUCCESSFULLY AS THE EVIDENCE STOOD.

11. HON. R. SCOTT WALKER'S DECISION TO NOT PRESENT THE SELF-DEFENSE DEFENSE WAS THE RESULT OF REASONABLE TRIAL STRATEGY. IN RESPONSE TO THIS STATEMENT PLAINTIFF IS IN OPPOSITION, THE ONLY SUCCESSFUL DEFENSE WAS SELF-DEFENSE AS THE EVIDENCE STOOD. FURTHERMORE, IN PLAINTIFF'S HEARING ON HIS MOTION FOR A NEW TRIAL R. SCOTT WALKER'S INVESTIGATOR TESTIFIED SHE DID NOT DO ANY INVESTIGATING ON PLAINTIFF'S BEHALF, SHE STATED SHE ONLY SPOKE TO STATE'S WITNESSES THEREFORE, HER INVOICE CONFLICTS WITH HER TESTIMONY. ALSO R. SCOTT WALKER RECORDS IS IN CONFLICTION NOT ONLY WITH PLAINTIFF'S RECORDS, ALSO HIS OWN RECORDS, AND HIS AFFIDAVIT. ALSO SEE PLAINTIFF'S TRAVERSE MOTION, AND HIS AFFIDAVIT ON FILE IN SUPPORT OF PLAINTIFF'S INEFFECTIVE ASSISTANCE CLAIM. CONSTITUTIONAL FLOOR ESTABLISHED BY DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT REQUIRES FAIR TRIAL IN FAIR TRIBUNAL BEFORE JUDGE WITH NO ACTUAL BIAS AGAINST DEFENDANT, OR INTEREST IN OUTCOME OF HIS PARTICULAR CASE. U.S.C.A. CONST. AMEND. 14. ON R. SCOTT WALKER'S AFFIDAVIT, NOT ONE TIME DID HE MENTION ANY INVESTIGATION. THE DOCTORS STATEMENTS WAS IN THE POLICES REPORTS. SEE JONES V. RYAN 583 F. 3D 626, 646-47 (9TH CIR. 2009) (COUNSEL'S FAILURE TO INVESTIGATE, AND PRESENT MITIGATING EVIDENCE WAS PREJUDICIAL BECAUSE IT GAVE SENTENCING JUDGE INACCURATE VIEW OF DEFENDANT'S LIFE).

12. THERE IS NO EVIDENCE THAT THE OUTCOME OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT HAD COUNSEL PRESENTED A SELF-DEFENSE DEFENSE. SEE APPLICATION, MEMORANDUM. IN RESPONSE TO THE STATE'S STATEMENT, PLAINTIFF ASSERT SEE PLAINTIFF'S TRAVERSE MOTION, AND HIS TRAVERSE AFFIDAVIT THAT'S ON FILE IN RESPONSE TO R.S. WALKER, AND B. WALKER AFFIDAVITS. FURTHERMORE, PLAINTIFF ASSERTS THAT IF THE DEFENSE OF SELF-DEFENSE HAD BEEN USED THE OUTCOME WITHOUT A DOUBT, A NOT GUILTY VERDICT WOULD HAVE BEEN WARRANTEE FOR THE FOLLOWING REASONS:

#1. PLAINTIFF HEARD A WOMAN 911 CALLER DURING TRIAL SAYING, PLAINTIFF WAS BEEN ATTACKED AND WHAT HE WAS WEARING, SHE ALSO SAID WHAT THE ATTACKER WAS WEARING, BEFORE SHE SAID LET HER GET AROUND THE CORNER SO THEY CAN'T SEE HER, BEFORE THE DISC WAS CUT OFF.

#2. THE STATES VICTIM TOLD THREE DIFFERENT STORIES BEFORE TRIAL, DURING TRIAL HE TOLD A FOURTH ON HOW HE WAS CUT. HAD I TOOK THE STAND SELF-DEFENSE WOULD HAD BEEN ON THE TABLE, AND HIS CREDIBILITY WOULD BE AT STAKE.

#3. HAD THE PICTURE WOULD HAVE BEEN PRESENTED OF THE CUT ACROSS THE BOTTOM OF STATE'S VICTIM STOMACH, IT WOULD HAVE PROVED WHAT PLAINTIFF SAID DURING HIS SENTENCING PHASE, THE STATE'S VICTIM WAS OVER HIM STOMPPING HIM, THAT'S WHEN THE CUTS ACCRUED. FURTHERMORE, HIS SHOE WOULD PROVE IT TOO.

#4. EACH OF THE STATE'S WITNESSES TOLD CONFLICTING STORIES OF WHAT THEY SAW.

#5. THE STATE'S VICTIM GIRLFRIEND LIED, AND SAID SHE WAS SITTING NEXT TO HIM THEN I CAME OVER AND CUT HIM. LATER WE HEARD HER AS ONE OF THE 911 CALLERS SAYING SHE HAD JUST GOT THERE FROM WORK. R. SCOTT WALKER CONFIRM THIS ON HIS AFFIDAVIT ON PAGE 3 #5 LINE 19-20.

#6. PLAINTIFF ASSERTS WHY DID THE STATES VICTIM CHANGED SHIRTS? BECAUSE HE KNEW IT WAS WITNESSES ON PLAINTIFF BEHALF.

#7. THE SHIRT ON PICTURES DURING TRIAL HAD NO CUTS ON IT.

BASE ON ALL THE ABOVE TANGIBLE EVIDENCE NO JURY IN THEIR RIGHT MIND WOULD HAVE FOUND PLAINTIFF GUILTY. PLAINTIFF ASSERTS THAT HE HAS COPIES OF HIS SIM CARD ON HIS CELL PHONE, AND HARD DRIVE ALSO A LIST OF HIS CONTACTS, AND ORIGINAL MEDICAL REPORTS. SEE TOWNSEND VS. SAIN 372 US 293 319 83 S.CT 745 THE SUPREME COURT AFFIRMED THAT PETITIONERS MUST BE GIVEN THE OPPORTUNITY TO PRESENT OTHER TESTIMONIAL AND DOCUMENTARY EVIDENCE RELEVANT TO DISPUTED ISSUES. SEE ALSO IN ADDITION IN HAINES VS. KENNER THE SUPREME COURT REVERSED THE DISTRICT COURT DECISION AND AFFIRMED THAT PRO SE PETITIONERS

ARE ENTITLED TO AN OPPORTUNITY TO OFFER PROOF TO SUPPORT OR DEVELOPE ALLEGATIONS RAISED IN THAT HABEAS CORPUS CLAIMS.

FINALLY AS ASSERTED IN SAIN 372 U.S. 316 THE SUPREME COURT AFFIRMED THAT IF EVIDENCE CRUCIAL TO THE ADEQUATE CONSIDERATION OF THE CONSTITUTIONAL CLAIM WAS NOT DEVELOPED AT THE STATE HEARING A FEDERAL HEARING IS COMPELLED. THE WRIT OF HABEAS CORPUS IS THE FUNDAMENTAL INSTRUMENT FOR SAFE GUARDING IN DIVIDUAL FREEDOM AGAINST ARBITRARY AND LAWLESS STATE ACTIONS. DISCOVERY IS ESSENTIAL TO A FAIR PROCEEDING THERE'S NO HIGHER DUTY OF A COURT UNDER OUR CONSTITUTIONAL SYSTEM THAN THE CAREFUL PROCESSING AND ABJUDICATION OF PETITION'S FOR WRIT OF HABEAS CORPUS. THESE ASSERTION ARE WELL ESTIBLISHED BY THE UNITED STATE SUPREME COURT IN HARRIS VS. NELSON 394 U.S. 286, FINALLY I SUBMITTED 7 DISCOVERYS ON THIS MOTION AS FOLLOW TO THE STATE COURT AND FEDERAL COURT IT IS A WELL ESTABLISHED FACT THE THE UNITED STATES SUPREME COURT PRECEDENT THAT PRO SE PETITIONERS MUST BE GIVEN THE OPPERTUNITIES TO OFFER PROOF TO SUPPORT OR DEVELOPE THEIR HABEAS CLAIMS IF THE STATE DID NOT GIVE THE PETITIONER AN ADQUATE OPPORTUNITY DURING STATE PROCEEDING ESPECIALLY IF THE PRO SE PETITIONER EXERCISED THE EXPECTED DILIGENCE.

<u>VERNON'S ANN. TEXAS RULES EVID.</u>

(a) ALL 911 CALLS OF THE EVENTS THAT TOOK PLACE ON THE AFTER AND EVENING OF 8-4-2011. SPECIFICALLY THE WOMAN WHOSE DESCRIPTION OF THE EVENTS WOULD COUNTER THE STATE'S WITNESSES.

(b) PICTURES OF STATES VICTIM AND PLAINTIFF OF THE DAY OF THE EVENTS TOOK PLACE.

(c) ALL CONFLICTING TESTIMONIES DURING PLAINTIFF TRIAL.

(d) ALL PICTURES OF THE CRIME SCENE ON THE DAY OF THE EVENTS.

(e) ALL TRIAL EVIDENCE.

(f) ALL PLAINTIFF MEDICAL RECORD FROM JPS. HOSPITAL.

(g) IP ADDRESS OF 911 CALLS OF THE EVENTS.

13. # 15 THU 73 OF STATE'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW, PLAINTIFF OBJECTS.. AS THE STATE BEING BIAS AND FURTHERMORE THE STATE SHOWING TO BE IN AGREEMENT WITH WALKER AND WALKER FRIVOLOUS EXCUSES. THERE IS NO WAY AROUND THE WALKERS CONSTITUTIONAL VIOLATION, (BLACK LIFES MATTERS). WE WILL COME TO THE DAY THAT HIGH OFFICIALS WILL BE HELD ACOUNTABLE FOR THEIR ACTIONS. PLEASE SEE PLAINTIFF TRAVERSE MOTIONS AND AFFIDAVITS ON FILE WITH THE CLERK, IN OPPOSITION TO THE STATE'S FINDING, AND TO WALKER AND WALKER'S AFFIDAVITS. (Tex. Rules of Evid. Rule 614).

## MEMORANDUM OF LAW

(EMERGENCY MOTIONS) THE CLERK IMMEDIATELY ASSIGNS THE MATTER TO THE NEXT INITIATING JUDGE IN ROTATION ON THE ADMINISTRATIVE ROUTING LOG, AND TO THE PANEL MEMBERS. IF THE MATTER REQUIRES COUNSEL TO CONTACT THE INITIATING JUDGE OR PANEL MEMBERS PERSONALLY THE CLERK WILL PROVIDE THE NAMES OF THE JUDGES ASSIGNED THE CASE AFTER GETTING APPROVAL FROM THE INITIATING JUDGE.

PLAINTIFF COUNSELS DEMONSTRATED COLLUSION WITH THE PROCU SECUTION DURING TRIAL. SEE CONSPIRACY CIRCUMSTANTIAL EVIDENCE. C.A.5 (TEX.) 2007. DIRECT EVIDENCE OF CONSPIRACY IS UNNECESSARY; EACH ELEMENT MAY BE INFERRED FROM CIRCUM- STANTIAL EVIDENCE U.S. V. MITCHELL, 484 F. 3D 762; CONSPIRACY REACHES PREPARATORY AND GROUP CONDUCT CONSTITUTING IN- CHOATE OFFENSES. CHILDRESS V. STATE (APP. 7 DIST. 1991) 807 S.W. 2D 424; PLAINTIFF TRIAL COUNSEL INFORM HIM 1-18-2013 THAT IN EXISTENCE A WOMAN 911 CALLER FAVORABLE THIS IS THE SAME WOMAN PLAINTIFF HEARD DURING TRIAL. NOW COUNSEL IS IN DENIAL. SEE V.T.C.A. GOVERNMENT CODE TITLE 2 SUB- TITLE G APP. 1 ART. 10.§9. RULES OF PROF. CONDUCT RULE 804 (a)(3); COUNSEL WAS REASIGN TO PLAINTIFF AS HIS ATTORNEY ON 1-18-2013 THIS WAS THE ONLY DAY HE VISIT PLAINTIFF UNITIL 3-18-2013; SEE INADEQUATE TIME SPENT CONSULTING WITH DEFENDANT WHITE V. GODINEZ 301 F. 3D 796; PLAINTIFF COUNSEL DID NOT HAVE ORIGINAL POLICE REPORT INVESTI- GATED LIKE PLAINTIFF ASK; DUTY TO INVESTIGATE WITNESSES U.S. V. JASIN 215 F. SUPP. 2D 552; PLAINTIFF COUNSEL DID

NOT DO HIS OWN INDEPENDENT INVESTIGATION INSTEAD AS NOTED(THROUGH OUT HIS AFFIDAVIT HE RELIED ON THE PROSECUTORS FILES); SEE THOMAS V. LOCKHART 738 F.2D 304 308 (8TH CIR 1984) INVESTIGATION CONSISTING SOLELY OF REVIEWING PROSECUTOR'S FILES FELL SHORT OF WHAT A REASONABLY COMPETENT ATTORNEY WOULD HAVE DONE; SEE ALSO UNITED STATES V. DEBANGO 780 F.2D 81, 85; AT A MINIMUM COUNSEL HAS THE DUTY TO INTERVIEW POTENTIAL WITNESSES, AND TO MAKE AN INDEPENDENT INVESTIGATION OF THE FACTS AND CIRCUMSTANCE OF THE CASE; CRISP V. DUCKWORTH 743 F.2D 580, 583 (7TH CIR. 1984) 469 U.S. 1226, 105 S.CT. 1221, 84 L.E.D. 2D 361; PLAINTIFF HAVE INSIST THROUGH OUT HIS CORRESPONDENT ON HIS 11.07, REQUESTING AN EVIDENTIARY HEARING FURTHERMORE, AN PAPER HEARING SUCH AS AFFIDAVITS IS IN VIOLATION TO THE UNITED STATES CONSTITUTION SIXTH AND FOURTEENTH AMENDMENTS; A HABEAS PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING IF HE (1) ALLEGES FACTS WHICH IF PROVEN WOULD ENTITLED HIM TO RELIEF; AND (2) SHOWS THAT HE DID NOT RECEIVE A FULL, AND FAIR HEARING IN STATE COURT EITHER AT TRIAL OR IN A COLLATERAL PROCEEDING. 28 U.S.C.A. § 2254; THE STATE SAID ON PAGE 4 # 18 OF ITS MOTION THAT BOTH PARTIES STIPULATED THAT THE 911 CALLER WAS THE SISTER OF THE STATE'S VICTIM'S GIRLFRIEND; THAT'S COMPLETE FALSE-HOOD PLAINTIFF SAID ONE OF THE FEMALE 911 CALLERS WAS THE STATES VICTIM GIRLFRIEND, AND THAT MEANS SHE LIED UNDER OATH; COUNTS OF CONSPIRACY (1) THE EXISTENCE OF A COMMON GOAL; (2) THE NATURE OF THE SCHEME; AND (3) THE OVERLAPPING OF THE PARTICIPANTS IN THE VARIOUS DEALINGS; U.S. V. RICHERSON 833 F.2D 1147, 1153 (5TH CIR 1987); THE SUCCESS OF THIS CONSPIRACY DEPENDED ON THE CONTINUED WILLINGNESSES OF EACH MEMBER TO PERFORM HIS FUNCTION; RICHERSON 833 F.2D AT 1154; HOWEVER PARTIES WHO KNOWINGLY PARTICIPATE WITH CORE CONSPIRATORS TO ACHIEVE A COMMON GOAL MAY BE MEMBERS OF AN OVERALL CONSPIRACY; RICHERSON 833 F.2D AT 1154; IN PLAINTIFF NOT TAKING THE STAND LEAD DIRECTLY TO THE JURY GUILTY VERDICT AND COULD NOT HAVE BEEN REASONABLE TRIAL STRATEGY; IN HABEAS PROCEEDING CONSTITUTIONAL ERROR IS NOT HARMLESS IF IT HAD SUBSTANTIAL AND INJURIOUS

EFFECT OR INFLUENCE IN DETERMINING THE JURY'S VERDICT 28 U.S.C.A.§2254. OLIVER V. QUARTERMAN 541 F.3D 329; 129 S.CT. 1985; 173 L.ED. 2D 1084; SEE GALVAN V. COCKRELL 293 F.3D 760; SEE BRECHT V. ABRAHAMSON 507 U.S. 619 CITE AS 113 S.CT. 1710; (THE COURT UNIFORMLY HAS BEEN GUIDED BY THE PROPOSITION THAT THE WRIT SHOULD BE AVAILABLE TO AFFORD RELIEF TO THOSE PERSONS WHOM SOCIETY HAS GRIEVOUSLY WRONGED IN LIGHT OF MODERN CONCEPTS OF JUSTICE); FAY V. NOIA, SUPRA, 372 U.S., AT 440-441, 83 S.CT AT 850; SEE ALSO THE PRINCIPLE OF MOONEY V. HOLOHAN IS NOT PUNISHMENT OF SOCIETY FOR MISDEEDS OF A PROSECUTOR BUT AVOIDANCE OF AN UNFAIR TRIAL TO THE ACCUSED. SOCIETY WINS NOT ONLY WHEN THE GUILTY ARE CONVICTED BUT WHEN CRIMINAL TRIALS ARE FAIR° OUR SYSTEM OF THE ADMINISTRATION OF JUSTICE SUFFERS WHEN ANY ACCUSED IS TREATED UNFAIRLY.

WHEREFORE, PLAINTIFF PRAYS THAT THE COURT LOOK UPON ALL THE EVIDENCE PLAINTIFF PRESENTED AND RECOGNIZE THAT IT MUST BE MORE, AND GRANT PLAINTIFF AN EVIDENTIARY HEARING IF THE COURT DECIDES NOT TO GRANT HIS 11.07 WRIT OF HABEAS CORPUS.

_(signature)_ PRO SE

## VERIFICATION

I, LARRY JOE MORGAN, TDCJ-ID# 1847262 BEING PRESENTLY INCARCERATED AT JAMES A. LYNAUGH UNIT OF TDCJ DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING FACTS ARE TRUE AND CORRECT.

_(signature)_

1098 S. HWY 2037
FT STOCKTON TX 79735

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT ON SEPTEMBER 25TH, 2015 A TRUE AND CORRECT ORIGINAL COPY OF THE ABOVE AND FOREGOING EMERGENCY MOTION OF OBJECTION TO DISTRICT ATTORNEY'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW° INQUIRY ON PRECEDING DOCMENTS WAS MAILED TO HON. DISTRICT CLERK AT 401 WEST BELKNAP FT WORTH TX 76196-0402 AND THE COURT OF CRIMINAL APPEALS P.O. BOX 12308 AUSTIN TEXAS 78711.

_(signature)_ PRO SE